# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE HERZOG, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, TRUCK INUSRANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY, and FARMERS NEW CENTURY INSURANCE COMPANY,<br><br>      Defendants. | Civil Action No.:  7:19-cv-09097-NSR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff Lynne Herzog ("Plaintiff"), through her undersigned attorneys, Bursor & Fisher, P.A., brings this Class Action Complaint against Defendants Farmers Group, Inc., Farmers Insurance Exchange, Fire Insurance Exchange, Truck Insurance Exchange, Mid-Century Insurance Company, and Farmers New Century Insurance Company (collectively, "Defendants" or the without Farmers Group, Inc., the "Farmers Insurance Group of Companies"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

    1.  In direct violation of New York law, Defendants charge a $5 fee – which they call a "Service Charge" – in order for their customers to receive a paper billing statement and/or pay by United States mail.

    2.  Indeed, a portion of Defendants' website states "In addition to the convenience of

receiving bills and billing reminders by email, enrolling in Paperless Billing may also reduce or eliminate service charges:"[1]

> **What are the advantages of signing up for Paperless Billing?**
>
> In addition to the convenience of receiving bills and billing reminders by email, enrolling in Paperless Billing may also reduce or eliminate service charges.

3. Another portion of Defendants' website, entitled BILLING FEE EXPLAINER states: "For Automatic bank payments (EFT) and fully enrolled in Paperless billing option, no service charge will be applied per account per month. For Automatic bank payments (EFT) not fully enrolled in Paperless billing options, a maximum service charge of $2.00 (as allowed by state law) will be applied. For all other payment plans other than those listed above (including Automatic Credit/Debit Card payments), a maximum service charge of $5.00 (as allowed by state law) will be applied per account per installment/month as allowed by state law."[2]

> For Automatic bank payments (EFT) and fully enrolled in Paperless billing option, no service charge will be applied per account per month.
>
> For Automatic bank payments (EFT) not fully enrolled in Paperless billing options, a maximum service charge of $2.00 (as allowed by state law) will be applied.
>
> For all other payment plans other than those listed above (including Automatic Credit/Debit Card payments), a maximum service charge of $5.00 (as allowed by state law) will be applied per account per installment/month as allowed by state law.

4. Defendants' conduct is prohibited by New York General Business Law ("GBL") § 399-zzz, and therefore constitutes a deceptive act and practice under GBL § 349.

---

[1] https://www.farmers.com/faq/billing/ (last visited Oct. 24, 2019).
[2] https://www.farmers.com/billing/explanation-of-fees/ (last visited Oct. 24, 2019)

5. Accordingly, Plaintiff brings this putative class action on behalf of herself and all other similarly situated New York residents and former residents, and seeks compensatory and/or statutory damages from Defendants.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because Defendants transact business and/or have agents within this District.

## PARTIES

8. Plaintiff Lynne Herzog is a citizen of New York who resides in Beacon, New York. For many years, Ms. Herzog has had insurance accounts with Defendants Mid-Century Insurance Company and Truck Insurance Exchange – who are both members of the Farmers Insurance Group of Companies. Since at least 2016, Defendants Mid-Century Insurance Company and Truck Insurance Exchange have charged Ms. Herzog a fee to receive a paper billing statement and/or pay by United States mail, which Ms. Herzog has paid. A screenshot of the $5.00 "Service Charge" to receive a paper billing statement and/or pay by United States mail from Ms. Herzog's May 2019 billing statement is below:

> **Lynne Herzog**  Call  **Billing account:** ▓▓▓
> Erie's Renew Py
> **Policies on this billing account**
> **Auto policy** –
> 2010 Hyundai Elantra 4d Blue/gls/se • 2009 Nissan Rogue 4door 4wd – Underwritten by Mid-Century Insurance Co
> **Home policy** –
> 914 Wolcott Ave Beacon, NY 12508 – Underwritten by Truck Insurance Exchange
>
> **Please pay at least the amount past due below to void cancellation**
>
> **Explanation of renewal and premium due**
>
> | Policy | Transaction description | Total premium change amount¹ | Impact on payment due |
> |---|---|---|---|
> | | *Previous billing cycle* | | |
> | | *Current billing cycle* | | |
> | | Service charge² | | $5.00 |
>
> **Total payment due on May 20, 2019**
>
> ¹ The unbilled portion of these changes not included in the current payment due will carry over to the remaining installments in the term. For additional details on the changes, please reference the policy documents previously sent to you. Copies of the documents are also available in your Farmers.com account.
> ² Choose automatic bank payment and paperless billing to eliminate your service charge.

9. Indeed, the billing statement states "[c]hoose automatic bank payment and paperless billing to eliminate your service charge."

10. Defendant Farmers Group, Inc. is a Nevada corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367. Defendant Farmers Group, Inc. provides administrative and management services, including billing, for the Farmers Insurance Group of Companies.

11. Defendant Farmers Insurance Exchange is a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367. Defendant Farmers Insurance Exchange is a leading provider of automobile, homeowners, and personal umbrella insurance policies, and is a member of the Farmers Insurance Group of Companies. Defendant Farmers Insurance Exchange underwrites insurance policies in New York.

12. Defendant Fire Insurance Exchange is a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367. Defendant Fire Insurance Exchange is a leading provider of automobile, homeowners, and personal umbrella insurance policies, and is a member of the Farmers Insurance Group of Companies. Defendant Fire Insurance Exchange underwrites insurance policies in New York.

13. Defendant Truck Insurance Exchange is a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367. Defendant Truck Insurance Exchange is a leading provider of automobile, homeowners, and personal umbrella insurance policies, and is a member of the Farmers Insurance Group of Companies. Defendant Truck Insurance Exchange underwrites insurance policies in New York.

14. Defendant Mid-Century Insurance Company is a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California. Defendant Mid-Century Insurance Company is a leading provider of automobile, homeowners, and personal umbrella insurance policies, and is a member of the Farmers Insurance Group of Companies. Defendant Mid-Century Insurance Company underwrites insurance policies in New York.

15. Defendant Farmers New Century Insurance Company is a California corporation with its principal place of business at 6301 Owensmouth Avenue, Woodland Hills, California 91367. Defendant Farmers New Century Insurance Company is a leading provider of automobile, homeowners, and personal umbrella insurance policies, and is a member of the Farmers Insurance Group of Companies. Defendant Farmers New Century Insurance Company underwrites insurance policies in New York.

16. As members of the Farmers Insurance Group of Companies, Defendants Farmers Insurance Exchange's, Fire Insurance Exchange's, Truck Insurance Exchange's, Mid-Century Insurance Company's, and Farmers New Century Insurance Company's billing practices with respect to the aforementioned "Service Charges" are identical. These billing practices are proscribed and administered by Defendant Farmers Group, Inc.

## NEW YORK GENERAL BUSINESS LAW § 399-zzz

17. Effective April 18, 2011, New York enacted GBL § 399-zzz, which provides that companies, like Defendants, shall not "charge a consumer an additional rate or fee associated with payment on an account when the consumer chooses to pay by United States mail or receive a paper billing statement." GBL § 399-zzz(1).

18. The statute provides that "[e]very violation of this section shall be deemed a deceptive act and practice subject to enforcement under article twenty-two-A of this chapter," i.e., GBL § 349. *Id.* § 399-zzz(2) (emphasis added).

19. As the New York Legislature found, "paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as those that are uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy." *See* NY State Assembly Memorandum In Support of Legislation, attached as **Exhibit A**.

20. Additionally, "[p]aper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet." *Id.*

21. "Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer." *Id.*

## CLASS ACTION ALLEGATIONS

22. Plaintiff seeks to represent a class defined as all New York residents or former residents who were charged a fee to receive a paper billing statement and/or pay by United States mail by Defendants. Excluded from the Class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

23. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number are in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

24. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether Defendants charged their customers an additional fee in order to receive a paper billing statement; (b) whether Defendants charged their customers an additional fee in order to pay by United States mail; and (c) whether any such fee(s) constitutes a violation of GBL § 399-zzz.

25. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct, based upon Defendants' charging their customers a fee in order to receive a paper billing statement and/or pay by United States mail.

26. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this

action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

27. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Deceptive Acts Or Practices, New York GBL § 349**
**(On Behalf Of The Class)**

28. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

29. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

30. By the acts and conduct alleged herein, Defendants committed deceptive acts and practices by charging their customers an additional fee in order to receive a paper billing statement and/or pay by United States mail.

31. The foregoing deceptive acts and practices were directed at consumers.

32. The foregoing deceptive acts and practices are misleading in a material way because they constitute an unlawful fee under GBL § 399-zzz.

33. Plaintiff and members of the Class were injured because they were unlawfully charged an additional fee in order to receive a paper billing statement and/or pay by United States mail. As a result, Plaintiff and members of the Class have been damaged in the full amount of fees they paid to Defendants in order to receive a paper billing statement and/or pay by United States mail.

34. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars per violation, whichever is greater, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A. Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C. Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D. Grant restitution to Plaintiff and the Class and require Defendants to disgorge their ill-gotten gains;

E. Permanently enjoin Defendants from engaging in the unlawful conduct set forth herein; and

F. Grant any and all such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  October 25, 2019					Respectfully submitted,

					**BURSOR & FISHER, P.A.**

					By:   */s/ Philip L. Fraietta*

					Philip L. Fraietta
					888 Seventh Avenue
					New York, NY  10019
					Telephone: (646) 837-7150
					Facsimile:  (212) 989-9163
					Email:  pfraietta@bursor.com

					**BURSOR & FISHER, P.A.**
					Frederick J. Klorczyk III
					1990 North California Blvd., Suite 940
					Walnut Creek, CA 94596
					Telephone: (925) 300-4455
					Facsimile: (925) 407-2700
					Email:  fklorczyk@bursor.com

					*Attorneys for Plaintiff*

**EXHIBIT A**

**A09541 Memo:**

NEW YORK STATE ASSEMBLY
MEMORANDUM IN SUPPORT OF LEGISLATION
submitted in accordance with Assembly Rule III, Sec 1(f)

**BILL NUMBER:** A9541A

**SPONSOR:** Pheffer (MS)

**TITLE OF BILL**: An act to amend the general business law, in relation to prohibiting an additional fee or rate to be charged in certain circumstances

**PURPOSE OR GENERAL IDEA OF BILL**: This purpose of this bill is to prohibit businesses from imposing an additional rate or fee on the account of a consumer who chooses to receive paper billing statements or pay by United States mail.

**SUMMARY OF SPECIFIC PROVISIONS**: This bill would prohibit any person, partnership, corporation, association or other business entity from

charging a consumer an additional rate or fee or a differential in the rate or fee associated with payment on an account when the consumer chooses to pay by United States mail or receive a paper billing statement.

The bill stipulates that its provisions shall not be construed to prohibit a person, partnership, corporation, association or other business entity from offering consumers a credit or other incentive to elect a specific payment or billing option.

Violations would be deemed a deceptive act and practice subject to enforcement under Article 22-A of the General Business Law.

**JUSTIFICATION**: In recent months, there have been instances of major companies proposing to impose an additional fee on the accounts of customers that choose to receive a paper bill or pay by United States mail. Such paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as, those that are

uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy.

Paper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet. Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer.

While the environmental benefits of electronic billing and payment are clear, a better approach to reducing paper use in this area is available. Several major companies have successfully reduced paper usage by offering customers an incentive to switch to electronic billing and payment.

This legislation would expand upon the provisions of Section 702 of the General Business Law, which prohibit creditors from charging customers

an additional rate or fee when the consumer chooses to pay by United States mail:

**PRIOR LEGISLATIVE HISTORY**: New bill.

**FISCAL IMPLICATIONS FOR STATE AND LOCAL GOVERNMENTS**: None.

**EFFECTIVE DATE**: 180 days after it shall have become a law,